Isidor Wasservogel,
Spec. Ref. Plaintiff seeks to enjoin defendants from evicting him from an apartment used and occupied by him and his family in conjunction with his employment as superintendent of the building in which such apartment is located.
On or about March 10, 1958, defendants, by registered mail, served notice on plaintiff that he was discharged from their employ and that, therefore, he and his family were required to vacate their apartment on or before March 22,1958. It is plaintiff’s contention that defendants’ action was caused by the fact that he had joined the Independent Union of Building Service Employees, Local No. 1, U. C.'A., which union defendants refused to recognize. Defendants’ answer denies the jurisdiction of the Supreme Court in this matter and, in addition thereto, alleges that plaintiff was discharged solely because of his incompetence. The answer also sets forth a counterclaim whereby defendants *603 seek damages as a result of plaintiff’s institution of this “ harrassing ” action.
Defendants’ contention with respect to the jurisdiction of this court is without merit. Concededly, pursuant to section 707 of the Labor Law, the New York State Labor Relations Board has exclusive jurisdiction to determine an issue of unfair labor practice where such question is actually pending before that body at the time of the institution of a lawsuit in the Supreme Court. In the case at bar, however, no unfair labor practice charge was filed with the board until after suit was commenced here. At the time this action was started, only a certification proceeding to recognize the Building Service Employees Union as plaintiff’s collective bargaining agent was pending before the State Labor Relations Board. The question of defendants’ right to discharge and to evict plaintiff was not then before this administrative body and, therefore, may now be properly determined by this court (see Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480, 484, 496; Maguire v. Ardea Realty Corp., 279 App. Div. 904; Romanisky v. Siglon Realty Corp., 122 N. Y. S. 2d 171; Clark v. Murphy, N. Y. L. J., March 24,1958, p. 6, col. 3).
Contrary to defendants’ contention, nothing in the record warrants the conclusion that plaintiff was discharged because of his alleged incompetence. The proof shows that during the approximately eight years of his employment, plaintiff’s services were deemed satisfactory by defendants. Their abrupt change regarding the competency of such services commenced at about the same time that they became aware of the fact that plaintiff had joined a labor union. From that time on, defendants began to bicker with plaintiff and to find fault with his work and conduct. The record indicates an extreme antipathy to plaintiff by defendants after he became a union member, whereas they had no complaint concerning him or his work during the years of his employment prior thereto. In view of this fact, it cannot be deemed mere coincidence that his membership in a union was followed promptly by a notice of discharge from defendants’ employ (Matter of Stork Restaurant v. Boland, 282 N. Y. 256, 274). If plaintiff was as incompetent and insolent as defendants now charge, it is inconceivable that he would have been retained by them for so many years. Moreover, serious doubt is cast upon the credibility of the witnesses called by defendants to support their allegations inasmuch as their testimony, in addition to being contradictory, was undoubtedly influenced by their relation to defendants or their personal interest in this matter.
*604 Defendants’ argument that they could not permit plaintiff’s wife or grown children to do his work while he was in the hospital is merely a poor excuse for their discharge of plaintiff from his employment and is a sham and frivolous defense, inasmuch as this is exactly what they had done on an earlier occasion when plaintiff was compelled suddenly to go to a hospital for emergency treatment. In the opinion of the court, the testimony of the defendant Velez indicates the most1 cogent and logical reason for defendants’ sudden action towards plaintiff. Velez simply stated, “We don’t need a union.” Likewise, the wife of defendant Burgos, when called as a witness, succinctly testified, “ There was no complaint against Mr. Camacho and his family until he joined the union.”
Accordingly, upon the evidence before me, I hold that defendants discharged plaintiff from his employment as a superintendent, not as a result of his incompetence, as they contend, but rather because of his then newly acquired status as a member of a labor union.
All questions of fact are resolved in favor of plaintiff.
Judgment is rendered in favor of plaintiff enjoining defendants, their agents or employees, from evicting plaintiff from the apartment occupied by him and his family or in any manner interfering with plaintiff’s use and occupancy of such apartment pending the final determination of the issue now before the New York State Labor Relations Board. Defendants’ counterclaim is dismissed upon the merits.
Submit decree within five days on two days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.